CLERK'S OFFICE                                     CO-932
UNITED STATES DISTRICT COURT                       Rev. 4/96
FOR THE DISTRICT OF COLUMBIA

**NOTICE OF DESIGNATION OF RELATED CIVIL CASES PENDING
IN THIS OR ANY OTHER UNITED STATES COURT**

Civil Action No. _____
(To be supplied by the Clerk)

**NOTICE TO PARTIES:**

Pursuant to Rule 40.5(b)(2), you are required to prepare and submit this form at the time of filing any civil action which is related to any pending cases or which involves the same parties and relates to the same subject matter of any dismissed related cases. This form must be prepared in sufficient quantity to provide one copy for the Clerk's records, one copy for the Judge to whom the cases is assigned and one copy for each defendant, so that you must prepare 3 copies for a one defendant case, 4 copies for a two defendant case, etc.

**NOTICE TO DEFENDANT:**

Rule 405(b)(2) of this Court requires that you serve upon the plaintiff and file with your first responsive pleading or motion any objection you have to the related case designation.

**NOTICE TO ALL COUNSEL**

Rule 405(b)(3) of this Court requires that as soon as an attorney for a party becomes aware of the existence of a related case or cases, such attorney shall immediately notify, in writing, the Judges on whose calendars the cases appear and shall serve such notice on counsel for all other parties.

The plaintiff, defendant or counsel must complete the following:

I.  **RELATIONSHIP OF NEW CASE TO PENDING RELATED CASE(S).**

    A new case is deemed related to a case pending in this or another U.S. Court if the new case: [Check appropriate box(es) below.]

    [ ]   (a)   relates to common property

    [X]   (b)   involves common issues of fact

    [ ]   (c)   grows out of the same event or transaction

    [ ]   (d)   involves the validity or infringement of the same patent

    [ ]   (e)   is filed by the same pro se litigant

2.  **RELATIONSHIP OF NEW CASE TO DISMISSED RELATED CASE(ES)**

    A new case is deemed related to a case dismissed, with or without prejudice, in this or any other U.S. Court, if the new case involves the same parties and same subject matter.

    Check box if new case is related to a dismissed case: [ ]

3.  NAME THE UNITED STATES COURT IN WHICH THE RELATED CASE IS FILED (IF OTHER THAN THIS COURT):
    _____

4.  CAPTION AND CASE NUMBER OF RELATED CASE(E-S). IF MORE ROOM IS NEED PLEASE USE OTHER SIDE.

    Young, et al.                    v. District of Columbia Housing    C.A. No. 01-cv-00650
                                        Authority, et al.

    11/30/07                         _____
    DATE                             Signature of Plaintiff/Defendant (or counsel)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
(Civil Division)

| | |
|---|---|
| FRANCHETT JONES,<br><br>    *Plaintiff,*<br><br>v.<br><br>DISTRICT OF COLUMBIA HOUSING AUTHORITY,<br><br>and<br><br>MICHAEL KELLY, EXECUTIVE DIRECTOR, DISTRICT OF COLUMBIA HOUSING AUTHORITY,<br><br>and<br><br>LORRY BONDS, ADA/504 COORDINATOR, DISTRICT OF COLUMBIA HOUSING AUTHORITY,<br><br>    *Defendants.* | (On Removal from the Superior Court of the District of Columbia; Case No. 2007 CA 007324B) |

## SUPPLEMENTAL STATEMENT OF NOTICE OF DESIGNATION OF A RELATED CIVIL CASE

IN SUPPORT of its Notice of Designation of Related Civil Case, and requested assignment to the Honorable James Robertson, Defendants District of Columbia Housing Authority, Michael Kelly, and Lorry Bonds (hereinafter collectively referred to as "Defendants"), through the undersigned counsel, hereby submit the instant Supplemental Statement of Notice of Related Civil Case, and in support thereof state as follows:

BACKGROUND

Franchett Jones alleges that she is a public housing resident who is mobility impaired and in need of a reasonable accommodation that would permit her to use the bathroom and bedroom facilities of her residence. She further asserts that she requested a reasonable accommodation; was approved for a reasonable accommodation and, as part of the reasonable accommodation process she was interviewed at Henson Ridge for a unit suitable for a mobility-impaired person, (*i.e.,* constructed according to the Uniform Federal Accessibility Standards (UFAS)); that Henson Ridge is a privately developed, owned and managed property that DCHA has financed, in part, to satisfy its obligation under *Young, et al. v. DCHA, et al.*[1] to produce Apartment Units for mobility impaired [UFAS units] for public housing residents and applicants, and subsequent to the interview she was denied an apartment at Henson Ridge because she did not meet the admission criteria of Henson Ridge and unspecified DCHA criteria. *See* Complaint at ¶¶ 8-23.

Ms. Jones asserts that by these and other actions DCHA has violated § 504 of the 1973 Rehabilitation Act, 29 U.S.C. §794(a), and related federal regulations 24 C.F.R. pt. 8, 24 C.F.R. pt. 40 & App. A.; the Fair Housing Act Amendments; DCHA's Voluntary Compliance Agreements with the United States Department of Housing and Urban Development; as well as the District of Columbia Human Rights Act and various District of Columbia Municipal Regulations issued by DCHA. *See* Complaint at ¶¶ 58-71. Ms. Jones, because of her residence in public housing, mobility-impairment and need for a reasonable accommodation to be able to participate in the public housing program

---

[1] *Young, et al. v. District of Columbia Housing Authority, et al.,* (In the United States District Court for the District of Columbia ) Case No. 01-cv-00650 (hereinafter referred to as "*Young*" or the "*Young* case").

2

equally and fully in the same manner as non-disabled persons, is a member of the class of present and future mobility-impaired persons within the ambit of the Honorable Judge James Robertson's March 27, 2002 Consent Order in *Young*.

In *Young*, a class action on behalf of mobility-impaired public housing residents, the class members brought suit alleging they were denied accessibility to public housing in the District of Columbia due to discriminatory practices in violation of Section 504 of the Rehabilitation Act of 1973 and 24 C.F.R. pt. 8 and 24 C.F.R. pt. 40 & App. A. On March 27, 2002, the court in *Young* entered a Consent Order to resolve the litigation. A summary of pertinent parts of the Order relevant to this Supplemental Statement is that:

a. The United States District Court would retain jurisdiction to enforce and modify the Consent Order;

b. The purpose of the Consent Order was to assure that "class members [would be provided] with the opportunity to participate fully and equally" with non-Disabled Persons in the public housing program.

c. DCHA was to provide 565 public housing units of various sizes (0s – 6s) to be constructed in accordance with the Uniform Federal Accessibility Standards (UFAS) and completed in accordance with an agreed upon schedule.

d. The Consent Order neither "increased nor reduced the rights of Disabled Persons or duties of DCHA" under Section 504 (or its implementing regulations at 24 C.F.R. part 8) regarding the provision of Reasonable Accommodations in public housing. Further, DCHA would provide reasonable accommodations to applicants with mobility impairments once the person reached the top of the public housing waiting list by modifying an appropriate sized type of unit in accordance with an agreed upon order of priority, based on availability.

ARGUMENT IN SUPPORT OF
ASSIGNMENT OF THIS CASE TO JUDGE ROBERTSON

Judge Robertson has re-opened *Young* to examine the Defendants' compliance with the Consent Order. The motion to re-open proceedings was filed by University Legal Services, class counsel and designated counsel for all present and future mobility-impaired residents of public housing; the same counsel for Ms. Jones in the instant matter.

The *Jones* action touches upon the reason for the *Young* Consent Order – that is, the directive to **produce** UFAS Units for mobility-impaired residents and applicants, and **provide** housing units constructed in accordance with UFAS for the mobility-impaired. Thus, the *Jones* action axiomatically involves common issues of fact with *Young* currently pending before Judge Robertson.

Assignment to Judge Robertson will promote judicial economy inasmuch as he is already familiar with the Defendants, their operations, the issues involved with the Voluntary Compliance Agreements issued by HUD, as well as the many related issues of law that arise under the statutes Plaintiff claims are at issue in the case at bar. As such, Defendants submit that the interests of efficiency and judicial economy warrant that this matter be assigned to Judge Robertson's court. *See e.g., Tripp v. Executive Office of the President, et al.*, 194 F.R.D. 340, 342 (D.D.C. 2000) ("Judicial economy is, in part, the policy underlying the 'related case' rule.") (*citing Alberti v. General Motors Corp.*, 600 F. Supp. 1024, 1025 n.3 (D.D.C. 1984)).

In *Tripp*, an individual plaintiff alleged several claims against the same defendants as those alleged by a class of individuals in another pending matter. Those claims were based on nearly identical allegations of misconduct, and, as such, involved

"common issues of fact" under Local Civil Rule 40.5(a)(3).[2] Unlike the plaintiffs in *Jones* and *Young*, the court approved this designation despite the fact that the plaintiff in *Tripp*, a then current U.S. government employee, was not similarly situated to the class of individuals in the related case, all *former* U.S. government employees. The court's approval of a related case designation under such similar circumstances compels this Court to likewise designate *Jones* as related to *Young*.

Judge Robertson's continuing jurisdiction to enforce and modify the Consent Order in *Young* will clearly provide the Court with the necessary familiarity with the complex issues and extensive history of DCHA, its funding agency, HUD, the Court's prior enforcement efforts, as well as familiarity with Counsels to Plaintiff and Defendants respectively. As such, Judge Robertson's unique expertise may "enhance the likelihood of a speedy and inexpensive determination" of *Jones* without necessarily diminishing the prospects of a just one. *See Alberti v. General Motors Corp., supra*, 600 F.Supp. at 1025.

CONCLUSION

WHEREFORE, the forgoing premises considered, Defendants respectfully request the approval of its Notice of Designation of a Related Civil Case.

[SIGNATURE PAGE FOLLOWS]

---

[2] LCvR 40.5(a)(3), in relevant part, provides that "cases are deemed related when the earliest is still pending on the merits in the District Court and they . . . (ii) involve common issues of fact . . ."

5

Respectfully submitted,

**DOUGLAS & BOYKIN** PLLC

/s/ Curtis A. Boykin
_____
Frederick A. Douglas (Bar No. 197897)
Curtis A. Boykin (Bar No. 444120)
Margaret McFarland (Bar No. 351072)
Robert Dillard (Bar No. 492948)
1850 M Street, NW – Suite 640
Washington, DC  20036
(202) 776-0370, telephone
(202) 776-0975 fax
*Counsel for Defendants*

November 30, 2007

6