IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
(Civil Division)

| | |
|---|---|
| **FRANCHETT JONES,** : | |
| : | |
| *Plaintiff,* : | |
| : | Civil Action No. 07cv2170 JR |
| v. : | |
| : | |
| **DISTRICT OF COLUMBIA HOUSING** : | |
| **AUTHORITY, et al.** : | |
| : | |
| : | |
| : | |
| *Defendants.* : | |

## CONSENT MOTION FOR LEAVE TO FILE TIME HAVING EXPIRED

COMES NOW the District of Columbia Housing Authority, Michael P. Kelly and Lorry Bonds (hereinafter collectively "DCHA"), by undersigned counsel, and hereby request leave to file their Answer in the above-captioned matter two days out of time. By its Motion to Extend Time to File Responsive Pleading, dated December 7, 2007, DCHA requested an additional 30 days up to and including January 8, 2008 to file it response to the Complaint in this matter. However, undersigned counsel was unable to file the Answer by the aforementioned date because additional time was needed to permit review and approval of the pleading. *See* Answer, attached hereto as Exhibit 1. Counsel for Plaintiff has graciously consented to the requested relief and DCHA submits that the Plaintiff will not be prejudiced should the court grant the instant motion.

WHEREFORE, DCHA respectfully requests this Court grant its Motion for Leave to File Time Having Expired.

[SIGNATURE PAGE FOLLOWS]

Respectfully submitted,

*Frederick A. Douglas*
Frederick A. Douglas, 197897
Curtis A. Boykin, 444120
Margaret McFarland, 351072
Robert L. Dillard, 492948
1850 M Street NW
Washington DC

And

Hans Froelicher, IV, 475506
Acting General Counsel,
District of Columbia
Housing Authority
1133 North Capitol Street, NE
Washington, D.C.

*Counsel for all Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
(Civil Division)

| | | |
|---|---|---|
| **FRANCHETT JONES,** | : | |
| | : | |
| *Plaintiff,* | : | |
| | : | Civil Action No. 07cv2170 JR |
| v. | : | |
| | : | |
| **DISTRICT OF COLUMBIA HOUSING AUTHORITY, et al.** | : | |
| | : | |
| | : | |
| | : | |
| *Defendants.* | : | |

## POINTS AND AUTHORITIES IN SUPPORT OF
## MOTION FOR LEAVE TO FILE TIME HAVING EXPIRED

IN SUPPORT of its Motion for Leave to File Time Having Expired, DCHA relies upon:

1. Federal Rule of Civil Procedure 6(b);

2. The consent of Plaintiff's counsel;

3. The fair administration of justice.

Respectfully submitted,

*Frederick A. Douglas*
Frederick A. Douglas, 197897
Curtis A. Boykin, 444120
Margaret McFarland, 351072
Robert L. Dillard, 492948
1850 M Street NW
Washington DC

And

3

Hans Froelicher, IV, 475506
Acting General Counsel,
District of Columbia
Housing Authority
1133 North Capitol Street, NE
Washington, D.C.

*Counsel for all Defendants*

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Consent Motion for Leave File Time Having Expired was sent, via electronic service this 10th day of January, 2008, to:

Marjorie Rifkin, Esq.
University Legal Services-P&A
220 I Street, NW #202
Washington, DC 20002
*Counsel for Plaintiff*

/s/ Robert Dillard
_____
Robert L. Dillard

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
(Civil Division)

| | |
|---|---|
| **FRANCHETT JONES,** : | |
| : | |
| *Plaintiff,* : | |
| : | Civil Action No. 07cv2170 JR |
| v. : | |
| : | |
| **DISTRICT OF COLUMBIA HOUSING** : | |
| **AUTHORITY, et al.** : | |
| : | |
| : | |
| : | |
| *Defendants.* : | |

# ANSWER

COME NOW the District of Columbia Housing Authority, Michael P. Kelly and Lorry Bonds (hereinafter collectively "DCHA"), by undersigned counsel, and hereby answer and respond to the Complaint in the above-captioned matter as follows:

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Ms. Jones' Complaint and request for relief is moot inasmuch as on December 28, 2007, through counsel, she accepted DCHA's offer to house her in a four-bedroom accessible unit constructed in accordance with the uniform federal accessibility standards.

## THIRD AFFIRMATIVE DEFENSE

DCHA is not liable to plaintiff for monetary damages because the injuries and damages she asserts that occurred while living at a DCHA property that did not meet her needs, were caused by the sole, concurring, or contributory negligence of Plaintiff in

accepting the unit and failing to promptly procure the necessary medical documentation so that her request for reasonable accommodation could be processed.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of assumption of the risk.

### FIFTH AFFIRMATIVE DEFENSE

DCHA pleads all available statutory defenses.

### SIXTH AFFIRMATIVE DEFENSE

DCHA retains the right to assert all appropriate defenses supported by facts learned through discovery or trial herein. Additionally, DCHA denies all claims of liability in the Complaint filed herein.

### SEVENTH AFFIRMATIVE DEFENSE

In regard to the specific allegations of the Complaint by correspondingly numbered paragraphs, DCHA states the following:

1. DCHA admits that Franchett Jones lives in public housing in the District of Columbia. DCHA is without sufficient information or knowledge to admit or deny the allegations in the paragraph. The remaining allegations in this paragraph constitute legal conclusions to which DCHA is not required to answer. To the extent a response is required, the allegations are denied.

2. Denied.

3. DCHA admits that Franchett Jones lives in public housing in the District of Columbia. DCHA is without sufficient information or knowledge to admit or deny the remaining allegations.

4. DCHA is without sufficient information or knowledge to admit or deny the allegations in the paragraph. The remaining allegations in this paragraph constitute legal conclusions to which DCHA is not required to answer. To the extent an answer is required, the allegations are denied.

5. DCHA denies that it is an "instrumentality of the District government." DCHA is an "independent authority" established by the District of Columbia government and is a recipient of federal funds as defined by Section 504, 29 U.S.C. § 794(a).

6. DCHA admits that Michael P. Kelly is the Executive Director of DCHA. The remaining allegations in this paragraph constitute legal conclusions to which DCHA is not required to answer. To the extent a response is required to the remaining allegations; DCHA denies the Plaintiff's allegations.

7. DCHA admits that Lorry Bonds is Section 504/ADA Coordinator of DCHA. The remaining allegations in this paragraph constitute legal conclusions to which DCHA is not required to answer. To the extent a response is required to the remaining allegations; DCHA denies the Plaintiff's allegations.

8. DCHA admits that since December 15, 2003 Ms. Jones has lived in a two-story, three-bedroom public housing unit with her children; DCHA is without sufficient information or knowledge to admit or deny the remaining allegations and therefore denies the same.

9. DCHA is without sufficient information or knowledge to admit or deny the allegations in the paragraph and, therefore denies the same. The remaining allegations in this paragraph constitute legal conclusions to which DCHA is

not required to answer. To the extent a response is required to the remaining allegations; DCHA denies the Plaintiff's allegations.

10. DCHA is without sufficient information or knowledge to admit or deny the allegations in the paragraph and, therefore denies the same.

11. DCHA is without sufficient information or knowledge to admit or deny the allegations in the paragraph and, therefore denies the same.

12. DCHA is without sufficient information or knowledge to admit or deny the allegations in the paragraph and, therefore denies the same.

13. DCHA is without sufficient information or knowledge to admit or deny the allegations in the paragraph and, therefore denies the same.

14. Denied.

15. DCHA admits that Ms. Jones submitted a request for housing on one-level; deny the remaining allegations in the enumerated paragraph.

16. DCHA admits that Ms. Jones contacted Lorry Bonds on January 26, 2006 and Ms. Bonds acknowledged receipt of the request for a reasonable accommodation and understood it to be a request for a bedroom and bathroom on the first level and grab bars; deny the remaining allegations in the enumerated paragraph.

17. DCHA admits that on February 16, 2007, it contacted Ms. Jones to inquire whether she would complete the medical release form that had been sent to her in October 2006. DCHA admits that during that and subsequent conversations Ms. Jones inquired about her reasonable accommodation request and she was told that it could not be acted upon with out medical

verification. DCHA is without sufficient information or knowledge to admit or deny the remaining allegations in the paragraph and, therefore denies the same.

18. DCHA admits that it received a communication on April 3, 2007, providing medical information for Ms Jones.

19. DCHA admits that on April 3, DCHA approved Ms. Jones' request for a transfer; however rather than limiting the approval to the unit requested by Ms. Jones, DCHA approved Ms. Jones for fully accessible UFAS unit. DCHA denies the remaining allegations in the enumerated paragraph.

20. DCHA admits that on June 18, 2007, Ms. Jones was referred to the Edgewood Management Company which manages privately owned properties for a HOPE VI property; DCHA denies the remaining allegations of the enumerated paragraph.

21. DCHA is without sufficient information or knowledge to admit or deny the allegations in the paragraph and, therefore denies the same.

22. DCHA is without sufficient information or knowledge to admit or deny the allegations in the paragraph and, therefore denies the same.

23. DCHA is without sufficient information or knowledge to admit or deny the allegations in the paragraph and, therefore denies the same.

24. DCHA is without sufficient information or knowledge to admit or deny the allegations in the paragraph with regard to the notice received by Ms. Jones and, therefore denies the same. DCHA denies that Ms. Jones expressed that

she was relying upon Ms. Bonds to resolve the rejection rather than appealing the decision.

25. Denied.

26. DCHA is without sufficient information or knowledge to admit or deny the factual allegations in the paragraph and, therefore denies the same.

27. Denied.

28. DCHA is without sufficient information or knowledge to admit or deny the factual allegations in the paragraph and, therefore denies the same.

29. DCHA denies that it failed to respond; admits the remaining allegations.

30. DCHA denies that it has to date failed to respond; admits the remaining allegations.

31. DCHA admits the existence of the statutory or regulatory language quoted, paraphrased, or summarized in the enumerated paragraph; however, to the extent that the language constitutes a legal conclusion applicable to the facts at issue, DCHA is not required to answer. To the extent a response is required to the remaining allegations; DCHA denies the Plaintiff's allegations.

32. DCHA admits the existence of the statutory or regulatory language quoted, paraphrased, or summarized in the enumerated paragraph; however, to the extent that the language constitutes a legal conclusion applicable to the facts at issue, DCHA is not required to answer. To the extent a response is required to the remaining allegations; DCHA denies the Plaintiff's allegations.

33. DCHA admits the existence of the statutory or regulatory language quoted, paraphrased, or summarized in the enumerated paragraph; however, to the

extent that the language constitutes a legal conclusion applicable to the facts at issue, DCHA is not required to answer. To the extent a response is required to the remaining allegations; DCHA denies the Plaintiff's allegations.

34. DCHA admits the existence of the statutory or regulatory language quoted, paraphrased, or summarized in the enumerated paragraph; however, to the extent that the language constitutes a legal conclusion applicable to the facts at issue, DCHA is not required to answer. To the extent a response is required to the remaining allegations; DCHA denies the Plaintiff's allegations.

35. DCHA admits the existence of the statutory or regulatory language quoted, paraphrased, or summarized in the enumerated paragraph; however, to the extent that the language constitutes a legal conclusion applicable to the facts at issue, DCHA is not required to answer. To the extent a response is required to the remaining allegations; DCHA denies the Plaintiff's allegations.

36. DCHA admits the existence of the statutory or regulatory language quoted, paraphrased, or summarized in the enumerated paragraph; however, to the extent that the language constitutes a legal conclusion applicable to the facts at issue, DCHA is not required to answer. To the extent a response is required to the remaining allegations; DCHA denies the Plaintiff's allegations.

37. DCHA admits the existence of the statutory or regulatory language quoted, paraphrased, or summarized in the enumerated paragraph; however, to the extent that the language constitutes a legal conclusion applicable to the facts at issue, DCHA is not required to answer. To the extent a response is required to the remaining allegations; DCHA denies the Plaintiff's allegations.

38. DCHA admits the existence of the statutory or regulatory language quoted, paraphrased, or summarized in the enumerated paragraph; however, to the extent that the language constitutes a legal conclusion applicable to the facts at issue, DCHA is not required to answer. To the extent a response is required to the remaining allegations; DCHA denies the Plaintiff's allegations.

39. DCHA admits that on May 1, 2006 DCHA entered into an Amended Voluntary Compliance Agreement with HUD; DCHA denies the remaining allegations as to reasons why it entered into VCA.

40. DCHA admits the existence of the quoted, paraphrased and/or summarized provisions of the VCA reflected in the enumerated paragraph; however, to the extent that the language constitutes a legal conclusion applicable to the facts at issue, DCHA is not required to answer. To the extent a response is required to the remaining allegations; DCHA denies the Plaintiff's allegations.

41. DCHA admits the existence of the statutory, or regulatory or adjudicatory language quoted, paraphrased, or summarized in the enumerated paragraph; however, to the extent that the language constitutes a legal conclusion applicable to the facts at issue, DCHA is not required to answer. To the extent a response is required to the remaining allegations; DCHA denies the Plaintiff's allegations.

42. DCHA admits the existence of the statutory or regulatory language quoted, paraphrased, or summarized in the enumerated paragraph; however, to the extent that the language constitutes a legal conclusion applicable to the facts at

issue, DCHA is not required to answer. To the extent a response is required to the remaining allegations; DCHA denies the Plaintiff's allegations.

43. DCHA admits the existence of the statutory or regulatory language quoted, paraphrased, or summarized in the enumerated paragraph; however, to the extent that the language constitutes a legal conclusion applicable to the facts at issue, DCHA is not required to answer. To the extent a response is required to the remaining allegations; DCHA denies the Plaintiff's allegations.

44. DCHA admits the existence of the statutory or regulatory language quoted, paraphrased, or summarized in the enumerated paragraph; however, to the extent that the language constitutes a legal conclusion applicable to the facts at issue, DCHA is not required to answer. To the extent a response is required to the remaining allegations; DCHA denies the Plaintiff's allegations.

45. DCHA admits the existence of the statutory or regulatory language quoted, paraphrased, or summarized in the enumerated paragraph; however, to the extent that the language constitutes a legal conclusion applicable to the facts at issue, DCHA is not required to answer. To the extent a response is required to the remaining allegations; DCHA denies the Plaintiff's allegations.

46. DCHA admits the existence of the statutory or regulatory language quoted, paraphrased, or summarized in the enumerated paragraph; however, to the extent that the language constitutes a legal conclusion applicable to the facts at issue, DCHA is not required to answer. To the extent a response is required to the remaining allegations; DCHA denies the Plaintiff's allegations.

47. DCHA admits the existence of the statutory or regulatory language quoted, paraphrased, or summarized in the enumerated paragraph; however, to the extent that the language constitutes a legal conclusion applicable to the facts at issue, DCHA is not required to answer.  To the extent a response is required to the remaining allegations; DCHA denies the Plaintiff's allegations.

48. Denied.

49. DCHA admits the existence of the statutory or regulatory language quoted, paraphrased, or summarized in the enumerated paragraph; however, to the extent that the language constitutes a legal conclusion applicable to the facts at issue, DCHA is not required to answer.  To the extent a response is required to the remaining allegations; DCHA denies the Plaintiff's allegations.

50. DCHA admits the existence of the statutory or regulatory language quoted, paraphrased, or summarized in the enumerated paragraph; however, to the extent that the language constitutes a legal conclusion applicable to the facts at issue, DCHA is not required to answer.  To the extent a response is required to the remaining allegations; DCHA denies the Plaintiff's allegations.

51. DCHA admits the existence of the statutory or regulatory language quoted, paraphrased, or summarized in the enumerated paragraph; however, to the extent that the language constitutes a legal conclusion applicable to the facts at issue, DCHA is not required to answer. DCHA denies the remaining allegations.

52. DCHA admits the existence of the statutory or regulatory language quoted, paraphrased, or summarized in the enumerated paragraph; however, to the

extent that the language constitutes a legal conclusion applicable to the facts at issue, DCHA is not required to answer. To the extent a response is required to the remaining allegations; DCHA denies the Plaintiff's allegations and states further that it need not respond to the allegations directed to or concerning other "private entities".

53. DCHA admits the existence of the statutory or regulatory language quoted, paraphrased, or summarized in the enumerated paragraph; however, to the extent that the language constitutes a legal conclusion applicable to the facts at issue, DCHA is not required to answer. To the extent a response is required to the remaining allegations; DCHA denies the Plaintiff's allegations.

54. DCHA admits the existence of the statutory or regulatory language quoted, paraphrased, or summarized in the enumerated paragraph; however, to the extent that the language constitutes a legal conclusion applicable to the facts at issue, DCHA is not required to answer.  To the extent a response is required to the remaining allegations; DCHA denies the Plaintiff's allegations.

55. DCHA is not required to respond to allegations directed at third parties; as for itself DCHA denies the allegations.

56. DCHA admits the existence of the statutory or regulatory language quoted, paraphrased, or summarized in the enumerated paragraph; however, to the extent that the language constitutes a legal conclusion applicable to the facts at issue, DCHA is not required to answer.  To the extent a response is required to the remaining allegations; DCHA denies the Plaintiff's allegations.

57. DCHA admits the existence of the statutory or regulatory language quoted, paraphrased, or summarized in the enumerated paragraph; however, to the extent that the language constitutes a legal conclusion applicable to the facts at issue, DCHA is not required to answer. To the extent a response is required to the remaining allegations; DCHA denies the Plaintiff's allegations.

## Count I

**Discriminatory exclusion from public housing based on Plaintiffs disability in violation of Section 504.**

58. DCHA incorporates its previous answers to paragraphs 1 – 42.

59. Denied.

## Count II

**Discriminatory Denial of Plaintiffs Reasonable Accommodations under the Fair Housing Act Amendments.**

60. DCHA incorporates its previous answers to paragraphs 1 – 42 and denies the remaining allegations in the paragraph.

## Count III

**Discriminatory Exclusion from Public Housing based on Disability in violation of the DC Human Rights Act.**

61. DCHA incorporates its previous answers to paragraphs 1 – 57 and denies the remaining allegations in the paragraph.

## Count IV

**Failure to Transfer Plaintiff to an Accessible Unit as a Reasonable Accommodation in violation of DCMR tit.14 §§ 7403 and 7404.**

62. DCHA incorporates its previous answers to paragraphs 1 – 57.

63. Denied.

64. Denied.

## Count V

**Failure to Transfer Plaintiff on an Emergency Medical Basis in Violation of DCMR tit.14 § 6401.**

65. DCHA incorporates its previous answers to paragraphs 1 – 57.

66. Denied.

67. Denied.

## Count VI

**Failure to Ensure the Application of Established Tenant Selection Criteria for Assignment to UFAS Units at Henson Ridge's selection in Violation of D.C. Munic: tit14 Reg. §6113.**

68. DCHA incorporates its previous answers to paragraphs 1 – 57.

69. Denied.

## Count VII

**Failure to Afford Plaintiff Due Process in violation of D.C. Mun. Regs. Tit §§ 6107 and 6301.**

70. DCHA incorporates its previous answers to paragraphs 1 – 57.

71. Denied.

## VIII. RELIEF SOUGHT

72. DCHA denies that Plaintiff is entitled to the relief sought, and respectfully requests the dismissal of the Compliant, the cost of this action, attorney's fees and any additional relief the Court deems appropriate.

Respectfully submitted,

*Frederick A. Douglas*
Frederick A. Douglas, 197897
Curtis A. Boykin, 444120
Margaret McFarland, 351072
Robert L. Dillard, 492948
1850 M Street NW
Washington DC

- 14 -

And

Hans Froelicher, IV, 475506
Acting General Counsel,
District of Columbia
Housing Authority
1133 North Capitol Street, NE
Washington, D.C.

*Counsel for all Defendants*