IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FRANCHETT JONES,

                               Plaintiff,

v.                                                                            __CIVIL ACTION__

DISTRICT OF COLUMBIA HOUSING AUTHORITY,      1:07-cv-2170 (JR)

and

MICHAEL KELLY,

and

LORRY BONDS,                  Defendants.

## PLAINTIFF'S STATUS REPORT

Plaintiff, through her undersigned counsel, hereby submits this Status Report pursuant to this Court's Order dated March 17, 2008.

1. On November 1, 2007, Ms. Franchett Jones, a mother of four children who relies on a wheelchair and lived in an inaccessible public housing unit, filed a case against the DC Housing Authority (DCHA) and its Executive Director and ADA/504 Coordinator in their official capacities. Ms. Jones sought injunctive relief, compensatory damages and reasonable attorneys' fees and costs for Defendants' failure to transfer her to a fully wheelchair accessible public housing unit.

2. Defendants removed Ms. Jones' case to U.S. District Court as a case connected to Young, et al. v. DC Housing Authority, et al., [Young v. DCHA], a post-judgment class action seeking, inter alia, the production of 565 fully wheelchair accessible

public housing units for people with mobility disabilities who are current or future public housing residents as well as applicants for public housing.

3. Defendants filed their Answer on January 10, 2008 admitting that Ms. Jones requested public housing on one-level as early as November 2005. Answer at 5 ¶15. Defendants also acknowledged their receipt of Ms. Jones' physician's medical justification for a wheelchair accessible unit on April 3, 2007. Answer at 5 ¶19.[1]

4. In late December 2007, Ms. Jones agreed to accept DCHA's offer of a fully accessible four bedroom apartment; she did so without knowing for certain the location of the apartment.[2] In fact, Defendants did not identify the specific unit to be offered to Ms. Jones until the status hearing held in Young v. DCHA on January 24, 2008, at which time Plaintiff learned the address was 3263 Stanton Road SE.

5. The Defendants' subsidiary organization did not formally close on the purchase of the unit at 3263 Stanton Road SE until approximately January 23, 2008, after which the certificate of occupancy was issued in late February 2008.

6. Ms. Jones was finally allowed to sign her lease for the unit at 3263 Stanton Road SE in late February 2008; she moved on March 1, 2008 with DCHA's assistance in moving her belongings.

7. In the status hearing held on January 24, 2008, Defendants' attorney represented to the Court that the parties should be able to resolve Ms. Jones' claims.

8. At Defendants' counsel's request, on February 19, 2008, Plaintiff's counsel forwarded via email summaries and cites for four relevant cases in which damages

---

[1] Ms. Jones previously submitted letters from her physicians dating back to 2003 attesting to her lack of mobility which she submitted to her property manager, among others at DCHA.

[2] In their Status Report filed on December 31, 2007 in Young v. DCHA, Defendants claimed erroneously that Ms. Jones was already housed in an accessible unit at a Hope VI property that was produced under the Consent Order in Young. Def. Rep. at 2 n. 4.

ranging from $30,000 to $125,000 and attorneys' fees were awarded to plaintiffs with mobility disabilities seeking reasonable accommodation transfers in circumstances very similar to Ms. Jones' situation.

9. On March 17, 2008, Plaintiff's counsel emailed Defendants' counsel seeking DCHA's counter offer in response to her February 19, 2008 email case law. Plaintiff's counsel suggested a telephone conference to discuss a possible resolution of Ms. Jones' claims. Defendants' counsel promised to respond when he spoke with DCHA's counsel.

10. On March 25, 2008, Plaintiff's counsel called Defendants' counsel who indicated he would call back the following day after conferring with his client.

11. On March 28, 2008, Plaintiff's counsel received a return call from Defendants with their counter offer on her damages claim. The parties will attempt to negotiate a resolution of the case and will report back to the Court.

Respectfully submitted,

Marjorie Rifkin, DC Bar # 437076
Akua Gyimah-Brempong Bar # 495105
University Legal Services- P&A
220 I Street, NW #202
Washington, DC 20002
(202) 547-0198 ext. 128, ext. 102
(202) 547-2662 (fax)

Dated: 3/28/08