IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
:
**FRANCHET JONES** :
:
                 **Plaintiff,** :
:
       **v.** :         C.A. 1:07-cv-2170 (JR)
:
:
**DISTRICT of COLUMBIA** :
**HOUSING AUTHORITY, et al.** :
:
                 **Defendants.** :
_____:

## DEFENDANTS' STATUS REPORT

Defendants, by and through the undersigned counsel hereby submit this Status Report pursuant to this Court's Order dated March 17, 2008.

1. On November 1, 2007, Ms. Franchett Jones, mobility impaired resident of the District of Columbia Housing Authority, filed suit against the District of Columbia Housing Authority, its Executive Director and ADA/504 Coordinator in their official capacities (hereinafter collectively referred to as DCHA). Ms Jones sought injunctive relief, compensatory damages and attorney's fees asserting that the Defendants' failed to transfer her to a fully accessible public housing unit in violation of several federal and District of Columbia laws.

2. DCHA removed the case to the United States District Court for the District of Columbia on the basis that it was related to <u>Young et al v District of Columbia et al,</u> a class action suit wherein DCHA agreed to

      produce 565 public housing units that were to be constructed and/or modified to certain federal construction standards. In its Petition for Removal DCHA advised the Court that the Jones case placed before the Court the issue of whether the Owners of units modified and/or constructed on behalf of DCHA and receiving Section 9 (public housing) or Section 8 (voucher) assistance to satisfy the Young Order, had to use minimal admission criteria used by DCHA in public housing, or whether they were bound by Fair Housing Law, or permitted by virtue of the Young Court Order, or otherwise, to use financial and criminal record criteria the same for all their units – those built for the mobility impaired and non-mobility impaired units, both market rate, and non-market rate, owned and operated by such Owners.

3. On January 10, 2008, DCHA filed its Answer to Ms Jones' Complaint. In the Answer DCHA denied Ms Jones allegations' and advised that within 60 days of the determination of Ms. Jones' eligibility for a fully accessible public housing unit, DCHA submitted her name for acceptance to a privately owned development that had developed fully accessible units to be leased to applicants from public housing waiting lists. However, Ms. Jones, because of her credit history did not meet the admission criteria for the privately owned unit and her application was rejected.

4. In order to meet the Young Consent Decree requirement to produce 565 UFAS units DCHA has used multiple methods, including converting units in its public housing stock that it owns and operates, contracting with third

parties for the conversion or construction of UFAS units in their privately owned developments, and, in December 2007, with a wholly owned subsidiary contracted to purchase 22 units that were constructed in accordance with UFAS that would be owned by DCHA.

5. In December 2007 DCHA offered Ms Jones one of the 22 units that it was to own and operate through a subsidiary in accordance with public housing regulations and without a need to financially qualify for admission.

6. In December 2007, Ms. Jones accepted DCHA's offer; however, she could not move into the unit until March 1, 2008, due to financing and closing delay to complete DCHA's subsidiary's acquisition of the units and time necessary for obtaining a Certificate of Occupancy.

7. Ms. Jones was moved, with assistance, without charge from DCHA.

8. On March 28, 2008, DCHA tendered an offer to Ms. Jones' counsel to settle her claims. Counsel has advised that it was not able to reach Ms. Jones and would respond once Ms. Jones was contacted. Counsel further advised that settlement of Ms Jones' claim necessarily included attorney's fees.

9. DCHA has asked Ms Jones and her counsel to present a complete settlement demand to which it will respond upon receipt

        Respectfully submitted,

*Frederick A. Douglas*
Frederick A. Douglas, 197897
Margaret McFarland, 351072
Robert L. Dillard, 492948
Douglas & Boykin PLLC
1850 M Street, NW
Ste 640
Washington D. C. 20036

        And

Hans Froelicher, IV, 475506
Acting General Counsel
District of Columbia
Housing Authority
1133 North Capitol Street, NE
Washington, D. C. 20002